1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiffs
6  ALLEN ANSARI and MIRJANA ANSARI

7

8                IN THE UNITED STATES DISTRICT COURT
9            FOR THE NORTHERN DISTRICT OF CALIFORNIA
                       SAN JOSE DIVISION
10
   ALLEN ANSARI and MIRJANA ANSARI,          Case No. CV11-03542 HRL
11
                        Plaintiffs,          **COMPLAINT**
12
           v.                                **DEMAND FOR JURY TRIAL**
13
   ABC LEGAL SERVICES, INC., a Washington     15 United States Code § 1692 *et seq.*
14 corporation; MICHELLE J. PEMBLETON,        California Civil Code § 1788 *et seq.*
   individually and in her official capacity; and   California Bus. and Prof. Code § 17200
15 DOES 1 through 10, inclusive,

16                      Defendants.

17        Plaintiffs, ALLEN ANSARI and MIRJANA ANSARI, based on information and belief and

18 investigation of counsel, except for those allegations which pertain to the named Plaintiffs or their

19 attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

20

21                             **INTRODUCTION**

22        1.    The Defendants in this case are process servers who have engaged in the

23 ignominious[1] and shoddy[2] practice of "sewer service" – i.e., failing to serve a debtor and filing a

24

25 _____
   [1] *Velazquez v. Thompson*, 451 F.2d 202, 204 (2d Cir. 1971) ("'Sewer service' is an ignominious practice
26 which is not limited to summary proceedings for the eviction of tenants but is also employed in suits on
   installment payment contracts for personal property permitting repossession and garnishment, providing
   a fertile field for the fleecing of the poor and the disadvantaged.").
27 [2] *Kovalesky v. A.M.C. Associated Merchandising Corp.*, 551 F. Supp. 544, 546 (S.D.N.Y. 1982)
   ("'[S]ewer service' constitutes shoddy practice.  It delays the process of justice and must be
28 discouraged.  This court has discretion to do just that.").

fraudulent affidavit attesting to service so that when the debtor later fails to appear in court, a default

judgment can be entered against her.[3]

> In jurisdictions where process need not be served by a public official, the bulk of the business of serving process gravitates into the hands of professional process servers. Some of these process servers once followed a practice of disposing of process given them to serve (e.g., by throwing it down a sewer) and then falsely returning that they had duly served it.[4]

2. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") for actual damages, statutory damages, attorney fees and costs brought by individual consumers against process servers who engage in "sewer service."

3. While faithful process servers are exempted from the definition of "debt collector" under the FDCPA when they are in fact "serving or attempting to serve legal process,"[5] "a process server who goes 'beyond being merely being a messenger . . . and engages in prohibited abusive or harassing activities to force an individual to repay a debt' cannot claim the exemption's protections."[6]

4. Therefore, the Defendants in this case – process servers that failed to serve court process entrusted to them and instead provide a perjured Proof of Service of Summons – are removed from the FDCPA's process serve exemption.[7]

/ / /

---

[3]   *Spiegel v. Judicial Atty. Servs.*, 2011 U.S. Dist. LEXIS 9350, *2 (N.D. Ill. Feb. 1, 2011).
[4]   *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475, 480, fn. 5 (D. Kan. 1994), *quoting*, 1 Robert C. Casad, Jurisdiction in Civil Actions § 3.017d (2nd ed. 1991).
[5]   15 U.S.C. § 1692a(6)(d); *See generally, Sykes v. Mel Harris & Assocs., LLC*, 2010 U.S. Dist. LEXIS 137461, 17 (S.D.N.Y. Dec. 29, 2010), *citing Romea v. Heiberger & Assocs.*, 163 F.3d 111, 117 (2d Cir. 1998) ("Thus, process servers whose involvement is merely 'limited to serving the [debt collection] communication on the consumer – in effect, to being messengers' – are exempt.").
[6]   *Sykes v. Mel Harris & Assocs., LLC*, 2010 U.S. Dist. LEXIS 137461, *18 (S.D.N.Y. Dec. 29, 2010), *citing Flamm v. Sarner & Assoc., P.C.*, 2002 U.S. Dist. LEXIS 22255, 2002 WL 31618443, at *5 (E.D. Pa. Nov. 6, 2002).
[7]   *Sykes v. Mel Harris & Assocs., LLC*, 2010 U.S. Dist. LEXIS 137461, 18 (S.D.N.Y. Dec. 29, 2010); *McNall v. Credit Bureau*, 689 F. Supp. 2d 1265, 1278 (D. Or. 2010).

1

## JURISDICTION

2      5.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and

3  supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory

4  relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5

6      6.    This action arises out of Defendants' violations of the Fair Debt Collection

7  Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

8

## VENUE

9      7.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a

10  substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

11  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants

12  transact business in this judicial district and the violations of the FDCPA complained of occurred in this

13

14  judicial district.

15

## INTRADISTRICT ASSIGNMENT

16      8.    This lawsuit should be assigned to the San Jose Division of this Court because a

17  substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara

18

19  County.

20

## PARTIES

21      9.    Plaintiffs, ALLEN ANSARI and MIRJANA ANSARI (hereinafter "Plaintiffs"), are

22  natural persons residing in Santa Clara County, California.  Plaintiffs, and each of them, is a

23  "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal.

24

25  Civil Code § 1788.2(h).

26      10.    Defendant, ABC LEGAL SERVICES, INC. (hereinafter "ABC LEGAL"), is a

27  Washington corporation engaged in the business of composing and selling forms, documents and other

28

collection media used or intended to be used for debt collection.  ABC LEGAL's principal place of business is located at: 633 Yesler Way, Seattle, Washington  98104.  ABC LEGAL may be served at the address of its Agent for Service of Process at: ABC Legal Services, Inc., c/o Deann Rippy, Agent for Service of Process, 501 - 12th Street, Sacramento, California  95814.  Plaintiff is informed, believes and thereon alleges, that ABC LEGAL is a corporation subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360.  ABC LEGAL is regularly engaged in the business of indirectly collecting consumer debts by assisting the other debt collectors file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet.  ABC LEGAL regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits.  ABC LEGAL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  ABC LEGAL cannot claim the exemption provided by 15 U.S.C. § 1692a(6)(D).

11.   Defendant, MICHELLE J. PEMBLETON (hereinafter "PEMBLETON"), is a natural person and is or was an employee and/or agent of ABC LEGAL at all relevant times. PEMBLETON is in the business of composing and selling of forms, documents and other collection media used or intended to be used for debt collection.  Plaintiff is informed, believes and thereon alleges, that PEMBLETON is an individual subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360.  PEMBLETON may be served at her current business address: Michelle J. Pembleton, ABC Legal Services, Inc., 304 - 12th Street, Suite 4A, Oakland, California 94607, and at her current residence address: Michelle J. Pembleton, 555 East El Camino Real, Apt. 615F, Sunnyvale, California  94087-1961.  PEMBLETON is regularly engaged in the business of indirectly collecting consumer debts by assisting the other debt collectors file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone

and internet.  PEMBLETON regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits.  PEMBLETON is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  PEMBLETON cannot claim the exemption provided by 15 U.S.C. § 1692a(6)(D).

12.   The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiffs at this time, and Plaintiffs therefore sue said Defendants by such fictitious names.  Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California.  Plaintiffs will seek leave of the Court to replace the fictitious names of these Doe Defendants with their true names when they are discovered by Plaintiffs.

13.   At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including Santa Clara County, by assisting the other debt collectors file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

14.   Plaintiffs are informed, believe and thereon allege, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, respondeat superior, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiffs' injuries, as herein alleged, were proximately caused by the conduct of Defendants.

15.   Plaintiffs are informed, believe and thereon allege, that at all relevant times

alleged in this Complaint, each of the Defendants sued herein were the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

16.   Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

17.   Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other Defendants.

18.   Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

19.   At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint.  Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

**JOINT VENTURE**

20.   Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

21.   Specifically, Plaintiffs are informed, believe and thereon allege, that:

a.   ABC LEGAL is a Washington corporation engaged in the businesses of manufacturing and selling process server returns and other debt collection related activities in the State of California.  Through the use of the U.S. Mail, telephone and the internet, ABC LEGAL advertises and markets process service and other legal support services to attorneys, law firms, debt collectors, government agencies and the general public.  ABC LEGAL provides the telephones, facsimile machines, computers, software and other equipment, support staff and facilities used by PEMBLETON and the enterprise for their process server return manufacturing activities.  ABC LEGAL also acts as the public face for the enterprise through its advertising, marketing, customer support and customer billing for the enterprise's services.  ABC LEGAL provided PEMBLETON and the enterprise with its address and the marketing, customer billing, computers and other support infrastructure that was needed to manufacture and sell the Proof of Service of Summons to Zwicker & Associates, PC, and Legal Recovery Law Offices, Inc., for use in the state court lawsuits against Plaintiffs.  ABC LEGAL provides advertising, marketing, address and its support staff, equipment and facilities to the enterprise and in return receives a share of the profits realized by the enterprise from their process server return manufacturing activities; and that

b.   PEMBLETON is an individual and a registered process server in Los Angeles County.  PEMBLETON lent her name, facsimile signature and the legitimacy of her

process server registration number to the enterprise for use on the <u>Proof of Service of Summons</u> documents that were manufactured and sold to Zwicker & Associates, PC, and Legal Recovery Law Offices, Inc., and used in the state court lawsuits against Plaintiffs. Without PEMBLETON and other registered process servers and the facial legitimacy of their registration numbers, ABC LEGAL could not market and sell process server returns like the <u>Proof of Service of Summons</u> documents that were manufactured and sold to Zwicker & Associates, PC, and Legal Recovery Law Offices, Inc., for use in the state court cases against Plaintiffs. PEMBLETON and other registered process servers provide the facial legitimacy of their process server registrations to the enterprise and in return receive a share of the profits realized by the enterprise from their process server return manufacturing activities.

### AIDING AND ABETTING

22.    Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, ABC LEGAL aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by PEMBLETON.

23.    Plaintiffs are informed, believe and thereon allege, that ABC LEGAL marketed its <u>Proof of Service of Summons</u> product to law firms, debt collectors, government agencies and the general public, including Zwicker & Associates, PC, and Legal Recovery Law Offices, Inc., as a legitimate and lawful service. Plaintiffs are informed, believe and thereon allege, that ABC LEGAL represented or implied in its advertising, marketing and other materials that ABC LEGAL would ensure that the official court process entrusted to it would be duly, faithfully and lawfully served and delivered to lawsuit defendants, including the Plaintiffs.

24.    Plaintiffs are informed, believe and thereon allege, that instead of duly, faithfully and lawfully delivering and serving the official court process entrusted to it, ABC LEGAL enlisted

PEMBLETON and other registered process servers to manufacture process server returns – like the Proof of Service of Summons documents that were sold to Zwicker & Associates, PC, and Legal Recovery Law Offices, Inc., and used in the state court lawsuits against the Plaintiffs in this case.

25.    Plaintiffs are informed, believe and thereon allege, that ABC LEGAL willingly, knowingly and intentionally fails to place its name and process server registration number on the process server returns manufactured by PEMBLETON and other process servers with the intent to misrepresent the true nature of the services being provided by ABC LEGAL and its agent process servers – like PEMBLETON – and the joint responsibility of ABC LEGAL and PEMBLETON for service of process irregularities, pursuant to Cal. Bus. & Prof. Code § 22356.  Moreover, Plaintiffs are informed, believe and thereon allege, that ABC LEGAL willingly, knowingly and intentionally withheld its name and process server registration number from the Proof of Service of Summons documents that were sold to Zwicker & Associates, PC, and Legal Recovery Law Offices, Inc., and used in the state court lawsuits against the Plaintiffs in this case (a violation of Cal. Bus. & Prof. Code § 22356.5(a)) with the intent to deceive the Plaintiffs, Zwicker & Associates, PC, Legal Recovery Law Offices, Inc., and the Superior Court of California.  By providing registered its agent process servers, like PEMBLETON, with a business address and telephone number for use on the process server returns that the enterprise manufactures and sells, like the Proof of Service of Summons documents that were sold to Zwicker & Associates, PC, and Legal Recovery Law Offices, Inc., and used in the state court lawsuits against the Plaintiffs in this case, and by intentionally withholding its name and process server registration number, ABC LEGAL aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by PEMBLETON against the Plaintiffs.

26.    Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, ABC LEGAL knew that fraud, perjury, breach of official duty and other

1   wrongful acts were being committed by PEMBLETON against the Plaintiffs and others.  In fact, ABC

2   LEGAL gave substantial assistance and encouragement to PEMBLETON by providing completed

3   Proof of Service of Summons documents which contained a digital facsimile of PEMBLETON's

4   signature and ABC LEGAL's address and telephone number instead of PEMBLETON's address and

5   telephone number.

6

7        27.   ABC LEGAL's conduct was a substantial factor in causing the harm to Plaintiffs.

8   ABC LEGAL should be held responsible as an aider and abettor for the fraud, breach of official duty

9   and other wrongful acts committed by PEMBLETON against the Plaintiffs.

10                      **FACTUAL ALLEGATIONS**

11

12        28.   On a date or dates unknown to Plaintiffs, Plaintiffs are alleged to have incurred

13   two financial obligations, namely consumer credit accounts issued by Target National Bank and Capital

14   One Bank (USA), N.A., and (hereinafter "the alleged debts").  The alleged debts were incurred

15   primarily for personal, family or household purposes and each is therefore a "debt" as that term is

16   defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code §

17   1788.2(f).

18

19        29.   Plaintiffs are informed and believe, and thereon allege, that sometime thereafter on

20   a date unknown to Plaintiffs, the alleged debts were consigned, placed or otherwise assigned to Zwicker

21   & Associates, PC, and Legal Recovery Law Offices, Inc., (hereinafter collectively "the law firms"), for

22   collection from Plaintiffs.

23                        **Order No. 8616091**

24

25        30.   On or about July 20, 2010, the law firm Zwicker & Associates, PC, filed a lawsuit

26   against Plaintiff, MIRJANA ANSARI, in the Superior Court of Santa Clara County, captioned *Target*

27   *National Bank v. Mirjana Ansari, et al.*, and assigned Case No. 1-10-CV-177796 (hereinafter "the

28

1  Target action"), in an attempt to collect an alleged consumer debt.

2          31.    Plaintiffs are informed and believe, and thereon allege that Zwicker & Associates,

3  PC, thereafter engaged Defendants to duly and faithfully serve legal process in the Target action upon

4  Plaintiff, MIRJANA ANSARI, by delivering to Plaintiff a copy of the state court Summons and

5  Complaint.

6          32.    Plaintiffs are informed and believe, and thereon allege that on or about July 29,

7  2010, Defendants composed a document titled <u>Proof of Service of Summons</u> in which Defendants

8  represented, under penalty of perjury, that PEMBLETON had **personally served** Plaintiff, MIRJANA

9  ANSARI, with a copy of the Summons, Complaint, Affidavit of Venue, Civil Case Cover Sheet, Civil

10 Lawsuit Notice and Alternative Dispute Resolution (adr) Packet in the Target action on July 28, 2010,

11 at 9:07 a.m.  Thereafter, Defendants caused the <u>Proof of Service of Summons</u> to be filed with the Clerk

12 of the Superior Court in the Target action on July 30, 2010.  A true and correct copy of the <u>Proof of</u>

13 <u>Service of Summons</u> filed in the Target action (Order No. 8616091) is attached hereto, marked as

14 Exhibit "1," and by this reference is incorporated herein.

15         33.    Despite the representations made by Defendants in their <u>Proof of Service of</u>

16 <u>Summons</u> (Exhibit "1"), Plaintiff, MIRJANA ANSARI, was not served personally, or otherwise, with a

17 copy of the Summons and Compliant in the Target action.   The <u>Proof of Service of Summons</u>

18 documents composed by Defendants appears facially valid – indeed, Defendants' very purpose is to

19 pass facial review – hoping the fraud goes undetected until the debtor discovers the fraudulent proof of

20 service after a default judgment has been entered, as happened in this case.

21         34.    Plaintiffs are informed and believe, and thereon allege that Defendants knowingly

22 and willfully composed and sold Zwicker & Associates, PC, the <u>Proof of Service of Summons</u> (Exhibit

23 "1") containing false statements regarding their service of court process in the Target action.

- 11 -
COMPLAINT

35.   According to the <u>Proof of Service of Summons</u> (Exhibit "1"), Defendants sold the process server return to Zwicker & Associates, PC, for $64.50.

36.   Plaintiffs are informed and believe, and thereon allege that Defendants' composition and sale of a perjured <u>Proof of Service of Summons</u> (Exhibit "1") violates California Code of Civil Procedure § 417.10.

37.   Plaintiffs are informed and believe, and thereon allege that Defendants' <u>Proof of Service of Summons</u> (Exhibit "1") violates California Business and Professions Code § 22356.5(a) in that it fails to indicate the name, county of registration and registration number of both ABC LEGAL and PEMBLETON.   Plaintiffs are informed and believe, and thereon allege that Defendants intentionally failed to disclose both of their names, addresses and registration numbers to actively conceal the joint responsibility of ABC LEGAL and PEMBLETON for service of process irregularities, pursuant to Cal. Bus. & Prof. Code § 22356.

38.   On September 30, 2010, two months after Defendants composed and filed their false <u>Proof of Service of Summons</u> (Exhibit "1") in the Target action, Zwicker & Associates, PC, requested and were granted a Default Judgment by the Clerk of the Superior Court based on Defendants' false process server return.

39.   Thereafter, Plaintiff, MIRJANA ANSARI, discovered that a lawsuit had been filed against her and that a Judgment had been entered.   Upon learning of the Target action, Plaintiff, MIRJANA ANSARI, retained legal counsel and obtained a copy of the state court's file at her own expense.   In her review of the state court file, Plaintiff, MIRJANA ANSARI, first learned that Defendants had composed and filed their false <u>Proof of Service of Summons</u> (Exhibit "1").   Plaintiff, MIRJANA ANSARI, discovered that Defendants' <u>Proof of Service of Summons</u> (Exhibit "1") represented that she had been personally served with a copy of the state court Summons, Complaint,

Affidavit of Venue, Civil Case Cover Sheet, Civil Lawsuit Notice and Alternative Dispute Resolution (adr) Packet at: 137 Del Monte Avenue, Los Altos, California on July 28, 2010.  In fact, Plaintiff, MIRJANA ANSARI, was visiting friends in Irvine, California from July 27, 2010, through August 2, 2010, and was not personally served with the state court process on July 28, 2010, at that address.

40.    On or about June 28, 2011, Plaintiff, MIRJANA ANSARI, was required to file a Motion to Set Aside the state court Entry of Default and Default Judgment at her own expense.

**Order No. 8704365**

41.    On or about October 20, 2010, the law firm Legal Recovery Law Offices, Inc., filed a lawsuit against Plaintiffs in the Superior Court of Santa Clara County, captioned *Capital One Bank (USA), N.A. v. Allen Ansari and Mirjana Ansari, et al.*, and assigned Case No. 1-10-CV-185626 (hereinafter "the Capital One action"), in an attempt to collect an alleged consumer debt.

42.    Plaintiffs are informed and believe, and thereon allege that Legal Recovery Law Offices, Inc., thereafter engaged Defendants to duly and faithfully serve legal process in the Capital One action upon Plaintiffs, by delivering to each Plaintiff a copy of the state court Summons and Complaint.

43.    Plaintiffs are informed and believe, and thereon allege that on or about November 4, 2010, Defendants composed a document titled Proof of Service of Summons in which Defendants represented, under penalty of perjury, that PEMBLETON had **personally served** Plaintiff, MIRJANA ANSARI, with a copy of the Summons, Complaint, Affidavit of Venue, Civil Case Cover Sheet, Civil Lawsuit Notice and Alternative Dispute Resolution (adr) Packet in the Capital One action on November 3, 2010, at 7:09 p.m.  Thereafter, Defendants caused the Proof of Service of Summons to be filed with the Clerk of the Superior Court in the Capital One action on November 8, 2010.  A true and correct copy of the Proof of Service of Summons filed in the Capital One action (Order No. 8704365) is

1    attached hereto, marked as Exhibit "2," and by this reference is incorporated herein.

2         44.   Despite the representations made by Defendants in their <u>Proof of Service of</u>

3    <u>Summons</u> (Exhibit "2"), Plaintiff, MIRJANA ANSARI, was not served personally, or otherwise, with a

4    copy of the Summons and Compliant in the Capital One action.  The <u>Proof of Service of Summons</u>

5    documents composed by Defendants appears facially valid – indeed, Defendants' very purpose is to

6

7    pass facial review – hoping the fraud goes undetected until the debtor discovers the fraudulent proof of

8    service after a default judgment has been entered, as happened in this case.

9         45.   Plaintiffs are informed and believe, and thereon allege that Defendants knowingly

10   and willfully composed and sold Legal Recovery Law Offices, Inc., the <u>Proof of Service of Summons</u>

11   (Exhibit "2") containing false statements regarding their service of court process in the Capital One

12

13   action.

14        46.   According to the <u>Proof of Service of Summons</u> (Exhibit "2"), Defendants sold the

15   process server return to Legal Recovery Law Office, Inc., for $40.00.

16        47.   Plaintiffs are informed and believe, and thereon allege that Defendants'

17   composition and sale of a perjured <u>Proof of Service of Summons</u> (Exhibit "2") violates California Code

18   of Civil Procedure § 417.10.

19

20        48.   Plaintiffs are informed and believe, and thereon allege that Defendants' <u>Proof of</u>

21   <u>Service of Summons</u> (Exhibit "2") violates California Business and Professions Code § 22356.5(a) in

22   that it fails to indicate the name, county of registration and registration number of both ABC LEGAL

23   and PEMBLETON.   Plaintiffs are informed and believe, and thereon allege that Defendants

24   intentionally failed to disclose both of their names, addresses and registration numbers to actively

25   conceal the joint responsibility of ABC LEGAL and PEMBLETON for service of process irregularities,

26

27   pursuant to Cal. Bus. & Prof. Code § 22356.

28

49.   On April 18, 2011, five months after Defendants composed and filed their false Proof of Service of Summons (Exhibit "2") in the Capital One action, Legal Recovery Law Offices, Inc., requested and were granted a Default Judgment by the Clerk of the Superior Court based on Defendants' false process server return.

50.   Thereafter, Plaintiff, MIRJANA ANSARI, discovered that a lawsuit had been filed against her and that a Judgment had been entered.  Upon learning of the Capital One action, Plaintiff, MIRJANA ANSARI, retained legal counsel and obtained a copy of the state court's file at her own expense.   In her review of the state court file, Plaintiff, MIRJANA ANSARI, first learned that Defendants had composed and filed their false Proof of Service of Summons (Exhibit "2").  Plaintiff, MIRJANA ANSARI, discovered that Defendants' Proof of Service of Summons (Exhibit "2") represented that she had been personally served with a copy of the state court Summons, Complaint, Affidavit of Venue, Civil Case Cover Sheet, Civil Lawsuit Notice and Alternative Dispute Resolution (adr) Packet at: 137 Del Monte Avenue, Los Altos, California on November 3, 2010.  In fact, Plaintiffs had leased the subject property to unrelated tenants on September 1, 2010.  Plaintiff, MIRJANA ANSARI, had not lived at that address since September 1, 2010, and was not personally served with the state court process on November 3, 2010, at that address.

51.   On or about June 28, 2011, Plaintiff, MIRJANA ANSARI, was required to file a Motion to Set Aside the state court Entry of Default and Default Judgment at her own expense.

**Order No. 8704364**

52.   Plaintiffs are informed and believe, and thereon allege that on or about January 22 2011, Defendants composed a document titled Proof of Service of Summons in which Defendants represented, under penalty of perjury, that PEMBLETON had **personally served** Plaintiff, ALLAN ANSARI, with a copy of the Summons, Complaint, Affidavit of Venue, Civil Case Cover Sheet, Civil

1    Lawsuit Notice and Alternative Dispute Resolution (adr) Packet in the Capital One action on January

2    21, 2011, at 7:17 p.m.  Thereafter, Defendants caused the Proof of Service of Summons to be filed with

3    the Clerk of the Superior Court in the Capital One action on January 25, 2011.  A true and correct copy

4    of the Proof of Service of Summons filed in the Capital One action (Order No. 8704364) is attached

5    hereto, marked as Exhibit "3," and by this reference is incorporated herein.

6

7            53.    Despite the representations made by Defendants in their Proof of Service of

8    Summons (Exhibit "3"), Plaintiff, ALLAN ANSARI, was not served personally, or otherwise, with a

9    copy of the Summons and Compliant in the Capital One action.  The Proof of Service of Summons

10   documents composed by Defendants appears facially valid – indeed, Defendants' very purpose is to

11   pass facial review – hoping the fraud goes undetected until the debtor discovers the fraudulent proof of

12   service after a default judgment has been entered, as happened in this case.

13

14           54.    Plaintiffs are informed and believe, and thereon allege that Defendants knowingly

15   and willfully composed and sold Legal Recovery Law Offices, Inc., the Proof of Service of Summons

16   (Exhibit "3") containing false statements regarding their service of court process in the Capital One

17   action.

18

19           55.    According to the Proof of Service of Summons (Exhibit "3"), Defendants sold the

20   process server return to Legal Recovery Law Office, Inc., for $64.50.

21           56.    Plaintiffs are informed and believe, and thereon allege that Defendants'

22   composition and sale of a perjured Proof of Service of Summons (Exhibit "3") violates California Code

23   of Civil Procedure § 417.10.

24

25           57.    Plaintiffs are informed and believe, and thereon allege that Defendants' Proof of

26   Service of Summons (Exhibit "3") violates California Business and Professions Code § 22356.5(a) in

27   that it fails to indicate the name, county of registration and registration number of both ABC LEGAL

28

and PEMBLETON.   Plaintiffs are informed and believe, and thereon allege that Defendants intentionally failed to disclose both of their names, addresses and registration numbers to actively conceal the joint responsibility of ABC LEGAL and PEMBLETON for service of process irregularities, pursuant to Cal. Bus. & Prof. Code § 22356.

58.   On April 18, 2011, three months after Defendants composed and filed their false Proof of Service of Summons (Exhibit "3") in the Capital One action, Legal Recovery Law Offices, Inc., requested and were granted a Default Judgment by the Clerk of the Superior Court based on Defendants' false process server return.

59.   Thereafter, Plaintiff, ALLAN ANSARI, discovered that a lawsuit had been filed against him and that a Judgment had been entered.  Upon learning of the Capital One action, Plaintiff, ALLAN ANSARI, retained legal counsel and obtained a copy of the state court's file at his own expense.  In his review of the state court file, Plaintiff, ALLAN ANSARI, first learned that Defendants had composed and filed their false Proof of Service of Summons (Exhibit "3").  Plaintiff, ALLAN ANSARI, discovered that Defendants' Proof of Service of Summons (Exhibit "3") represented that he had been personally served with a copy of the state court Summons, Complaint, Affidavit of Venue, Civil Case Cover Sheet, Civil Lawsuit Notice and Alternative Dispute Resolution (adr) Packet at: 137 Del Monte Avenue, Los Altos, California on January 21, 2011.  In fact, Plaintiffs had leased the subject property to unrelated tenants on September 1, 2010.  Plaintiff, ALLEN ANSARI, had not lived at that address since September 1, 2010, and was not personally served with the state court process on January 21, 2011, at that address.

60.   On or about June 28, 2011, Plaintiff, ALLEN ANSARI, was required to file a Motion to Set Aside the state court Entry of Default and Default Judgment at his own expense.

///

### ABC LEGAL's Business Practices

61.   Plaintiffs are informed and believe, and thereon allege that ABC LEGAL composes and sells process server returns, like the <u>Proof of Service of Summons</u> (Exhibits "1," "2" and "3") in this case, on a flat rate or fixed fee basis.  Plaintiffs are informed and believe, and thereon allege that ABC LEGAL pays its process servers using a similar flat rate or fixed fee compensation system. Plaintiffs are informed and believe, and thereon allege that ABC LEGAL will pay PEMBLETON and other process servers only for service attempts that are reported as completed and will pay substantially less or nothing at all for service that is not reported as completed.  Because ABC LEGAL's process servers are not paid for unsuccessful service attempts, process servers like PEMBLETON have a strong financial incentive to falsify process server returns.  Plaintiffs are informed and believe, and thereon allege that ABC LEGAL knowingly promotes the use of false process server returns through its flat rate or fixed fee compensation system.

62.   Plaintiffs are informed and believe, and thereon allege that ABC LEGAL charges substantially less than the published rates of many of its San Francisco Bay Area competitors for process server services.  Plaintiffs are informed and believe, and thereon allege that ABC LEGAL's lower market rates can only be achieved by use of a flat rate or fixed fee compensation system for its process servers.  Such business practices create a rush to the bottom by forcing competitors to lower the fees paid to their more scrupulous process servers or go out of business.   More false process server returns from all process server agencies is the inevitable result of such anti-completive business practices.  Plaintiffs are informed and believe, and thereon allege that ABC LEGAL effectively sells sewer service, by underbidding the true costs of proper service.

63.   Debt collection law firms and creditors plainly benefit from the sewer service provided by unscrupulous process servers like the Defendants in this case.  By not serving consumer

debt defendants, debt collection firms like Zwicker & Associates, PC, and Legal Recovery Law Offices, Inc., and creditors like Target National Bank and Capital One Bank (USA), N.A., are able to generate thousands of judgments by default. Once default judgments are fraudulently obtained, they are used to levy consumer's bank accounts, garnish their wages, seize their property, damage their credit reports, and/or pressure them into unaffordable payment plans.

64.     Plaintiffs and informed and believe, and thereon allege, that Defendants have composed and sold false and misleading Proof of Service of Summons documents in the form of Exhibits "1," "2" and "3" more than 40 times in California in the one year preceding the filing of this Complaint.  Therefore, Plaintiffs may seek leave to amend this Complaint to add class allegations at a later date.

## CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

65.     Plaintiffs bring the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

66.     Plaintiffs incorporate all paragraphs in this Complaint as though fully set forth herein.

67.     Plaintiff, MIRJANA ANSARI, is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

68.     Plaintiff, ALLEN ANSARI, is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

69.     Defendant, ABC LEGAL, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

70.     Defendant, ABC LEGAL, cannot claim the exemption provided by 15 U.S.C. §

- 19 -
COMPLAINT

1    1692a(6)(D).

2         71.   Defendant, PEMBLETON, is a "debt collector" as that term is defined by the

3    FDCPA, 15 U.S.C. § 1692a(6).

4         72.   Defendant, PEMBLETON, cannot claim the exemption provided by 15 U.S.C. §

5    1692a(6)(D).

6

7         73.   The financial obligations sought to be collected from Plaintiffs in the state court

8    actions are each a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9         74.   Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10)

10   and 1692f by making false and misleading representations, and engaging in unfair and abusive

11   practices.  Defendants' violations include, but are not limited to:

12

13              a.   Manufacturing and selling a fraudulent Proof of Service of Summons that

14        falsely state that Plaintiffs were served with a Summons and Complaint when in fact they were

15        not;

16              b.   Manufacturing and selling fraudulent, deceptive, and misleading statements

17        and documents which are used in the collection of consumer debts;

18

19              c.   Knowingly and intentionally withholding their true name and process server

20        registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code §

21        22356.5(a), with the intent to deceive;

22

23              d.   Knowingly and intentionally withholding their true name and process server

24        registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code §

25        22356.5(a), with the intent to misrepresent the true nature of the services being provided;

26              e.   Knowingly and intentionally withholding their true name and process server

27        registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code §

28

22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

        f.   Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

      75.   Defendants' acts as described above were done willfully, knowingly and intentionally.

      76.   As a result of Defendants' violations of the FDCPA, Plaintiffs are each entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

      77.   Plaintiffs bring the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

      78.   Plaintiffs incorporate all paragraphs in this Complaint as though fully set forth herein.

      79.   Plaintiff, MIRJANA ANSARI, is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

      80.   Plaintiff, ALLEN ANSARI, is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

      81.   Defendant, ABC, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

      82.   Defendant, PEMBLETON, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

      83.   The financial obligations sought to be collected from Plaintiffs in the state court

actions are each a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

84.    Defendants violated the RFDCPA, Cal. Civil Code §§  1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a.    Manufacturing and selling a fraudulent <u>Proof of Service of Summons</u> that falsely state that Plaintiffs were served with a Summons and Complaint when in fact they were not;

b.    Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

c.    Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to deceive;

d.    Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to misrepresent the true nature of the services being provided;

e.    Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

f.    Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

85.    Defendants' acts as described above were done willfully and knowingly within

the meaning of Cal. Civil Code § 1788.30(b).

86. As a result of Defendants' violations of the RFDCPA, Plaintiffs are each entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

87. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiffs are each entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

88. As a result of Defendants' violations of the RFDCPA, Plaintiffs are each entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[8]

89. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[9]

90. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiffs may have under any other provision of law.

**CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200**

91. Plaintiffs bring the third claim for relief against Defendants for their unlawful business acts and/or practices pursuant to California Business and Professions Code § 17200 *et seq.*, which prohibits all unlawful business acts and/or practices.

92. Plaintiffs incorporate all paragraphs in this Complaint as though fully set forth herein.

---

[8] 15 U.S.C. § 1692k(a)(2)(A).
[9] 15 U.S.C. § 1692k(a)(3).

93.     The unlawful acts and practices of Defendants alleged above constitute unlawful business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq.*

94.     By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200 *et seq.*

95.     Defendants' unlawful business acts and/or practices as alleged herein have violated numerous laws and/or regulations and said predicate acts are therefore *per se* violations of § 17200 *et seq.*  These predicate unlawful business acts and/or practices include Defendants' composition and sale of a perjured Proof of Service of Summons (Exhibits "1," "2" and "3"), in violation of California Code of Civil Procedure § 417.10.   Additionally, as described in more detail above, Defendants violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f and Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by,

    a.     Manufacturing and selling a fraudulent Proof of Service of Summons that falsely states that Plaintiffs were served with a Summons and Complaint when in fact they were not;

    b.     Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

    c.     Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to deceive;

    d.     Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code §

- 24 -
COMPLAINT

22356.5(a), with the intent to misrepresent the true nature of the services being provided;

        e.    Knowingly and intentionally withholding their true name and process server registration numbers from process server returns, in violation of Cal. Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to Cal. Bus. & Prof. Code § 22356; and

        f.    Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

    96.    Defendants' misconduct, as alleged herein, gives Defendants an unfair competitive advantage over their competitors.

    97.    The unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to be misled and/or deceived by Defendants as described herein. Plaintiffs and other members of the general public have no other remedy at law that will prevent Defendants' misconduct, as alleged herein, from occurring and/or reoccurring in the future.

    98.    As a direct and proximate result of Defendants' unlawful conduct alleged herein, Plaintiffs have sustained actual pecuniary loss in that they were required to obtain a copy of the state court's files and pay an attorney to have the default judgments against them set aside and vacated. Plaintiffs are direct victims of Defendants' unlawful conduct, as alleged herein, and have suffered and injury in fact and have lost money or property as a result of Defendants' unfair competition.

    99.    Plaintiffs are entitled to declaratory relief and a permanent injunction enjoining Defendants from their unlawful activity.

## REQUEST FOR RELIEF

Plaintiffs request that this Court:

a)  Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

c) Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17;

d) Award each Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e) Award each Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award each Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g) Award each Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[10]

h) Enter a mandatory injunction requiring Defendants to permanently cease all unlawful practices complained of in this action and impose affirmative injunctive relief requiring Defendants, their partners, agents, employees and all persons acting in concert or participating with them, to take affirmative action to immediately implement policies designed to ensure: (i) that no process server returns contain false information, (ii) that all Defendants' process server returns comply fully with Cal. Bus. & Prof. Code § 22356.5(a), (iii) that a monitoring system for process servers be implemented, (iv) training and testing all of Defendants' employees and agents regarding applicable service of process laws, (v) a reporting system be made available to Defendants' customers for reporting suspected service of process irregularities, and (vi) the institution of a disciplinary system that will investigate and immediately discipline, up to

---

[10] 15 U.S.C. § 1692k(a)(2)(A).

and including termination, any employee or agent that has been found to engage in sewer

service;

i)  Award Plaintiffs the costs of this action and reasonable attorneys fees pursuant to 15

U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17[11] and 1788.30(c); and

j)  Award Plaintiffs such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiffs
ALLEN ANSARI and MIRJANA ANSARI

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, ALLEN ANSARI and MIRJANA ANSARI, hereby

demand a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

---

[11] 15 U.S.C. § 1692k(a)(3).

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*
**Arthur Tessimond 241822**
Zwicker & Associates, PC (ZACN)
1320 Willow Pass Road, STe. 730 Concord CA

TELEPHONE NO.: **925-689-7070**       FAX NO. *(Optional)*:

EMAIL ADDRESS *(Optional)*:   atessimond@zwickerpc.com

ATTORNEY FOR *(Name)*:   TARGET NATIONAL BANK

FOR COURT USE ONLY

# FILED

JUL 30 2010

M. Rosales

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By: _____
                          Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS:   191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE:   San Jose 95113
BRANCH NAME:   Downtown Superior Court

PLAINTIFF/PETITIONER:   TARGET NATIONAL BANK

DEFENDANT/RESPONDENT:   MIRJANA ANSARI

CASE NUMBER:
**110CV177796**

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
**3839696 / M ANSARI / 7533**

BY FAX

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents):*
   **Summons; Complaint; Affidavit of Venue; Civil Case Cover Sheet; Civil Lawsuit Notice; Alternative Dispute Resolution (adr) Packet**

3. a.  Party served *(specify name of party as shown on documents served):*
       **MIRJANA ANSARI**

   b.  [  ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a ):*

4. Address where the party was served:
   **137 DEL MONTE Avenue, LOS ALTOS, CA 94022-1205**

5. I served the party *(check proper box)*
   a.  [ X ] **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* 7/28/2010  (2) at *(time):* **9:07 AM**

   b.  [  ] **by substituted service.**  On *(date):*         (2) at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

       (1) [  ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2) [  ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) [  ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing addresss of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4) [  ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or [  ] a declaration of mailing is attached.

       (5) [  ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 (Rev. January 1, 2007)

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

Order No. 8616091 SEA FIL



EXHIBIT
1

| PLAINTIFF/PETITIONER: TARGET ___NAL BANK | ___BER: |
|---|---|
| DEFENDANT/RESPONDENT: MIRJANA ANSARI | 110CV177796 |

c. [  ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1) on *(date):*    (2) from *(city):*
    (3) [  ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30)
    (4) [  ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [  ] **by other means** *(specify means of service and authorizing code section):*

    [  ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ **X** ] as an individual defendant.
  b. [  ] as the person sued under the fictitious name of *(specify):*
  c. [  ] as occupant
  d. [  ] On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| [  ] 416.10 (corporation) | [  ] 415.95 (business organization, form unknown) |
| [  ] 416.20 (defunct corporation) | [  ] 416.60 (minor) |
| [  ] 416.30 (joint stock company/association) | [  ] 416.70 (ward or conservatee) |
| [  ] 416.40 (association or partnership) | [  ] 416.90 (authorized person) |
| [  ] 416.50 (public entity) | [  ] 415.46 (occupant) |
| | [  ] other |

7. **Person who served papers**
  a. Name:    **Michelle Pembleton**
  b. Address:    **304 12th St, Suite 4A, Oakland, CA 94607**
  c. Telephone number:    **510-832-0701**
  d. The fee for service was:    **$64.50**
  e. I am:
    (1) [  ] not a registered California process server.
    (2) [  ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ **X** ] registered California process server:
        (i) [  ] owner  [  ] employee  [ **X** ] Independent contractor
        (ii) [ **X** ] Registration No.:    **6219**
        (iii) [ **X** ] County:    **Los Angeles**

*BY FAX*

8. [ **X** ] I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. [  ] I am a **California sheriff or marshal and I certify** that the foregoing is true and correct.

Date: **7/29/2010**

      **Michelle Pembleton**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Order No. 8616091 SEA FIL

Page 2 of 2

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| **MARK D. WALSH 206059**<br>**Legal Recovery Law Office**<br>**5030 Camino De La Siesta, #340**<br>**San Diego, CA 92108**<br>    TELEPHONE NO.: **800-785-4001**    FAX NO. *(Optional)*:<br>    EMAIL ADDRESS *(Optional)*:<br>    ATTORNEY FOR *(Name)*:  **CAPITAL ONE BANK (USA) N.A.** | FILED<br>NOV -8 2010<br>Superior Court<br>By: C. Duarte |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
    STREET ADDRESS: **191 N. First Street**
    MAILING ADDRESS:
    CITY AND ZIP CODE: **San Jose 95113**
    BRANCH NAME: **Downtown Superior Court**

| PLAINTIFF/PETITIONER: **CAPITAL ONE BANK (USA) N.A.** | CASE NUMBER:<br>**110CV185626** |
|---|---|
| DEFENDANT/RESPONDENT: **ALLEN ANSARI; MIRJANA ANSARI** | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**689684-002** |

BY FAX

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents)*:
    **Summons; Complaint; Affidavit of Venue; Civil Case Cover Sheet; Civil Lawsuit Notice; Alternative Dispute Resolution (adr) Packet**

3. a. Party served *(specify name of party as shown on documents served)*:
    **MIRJANA ANSARI**

   b. [   ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a )*:

4. Address where the party was served:
    **137 DEL MONTE Avenue, LOS ALTOS, CA 94022-1205**

5. I served the party *(check proper box)*
   a. [ X ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date)*: **11/3/2010**  (2) at *(time)*: **7:09 PM**

   b. [   ] **by substituted service.** On *(date)*:     (2) at *(time)*:     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [   ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [   ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [   ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing addresss of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [   ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:    from *(city)*:    or [   ] a declaration of mailing is attached.

      (5) [   ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

Order No. 8704365 SEA FIL





EXHIBIT

**2**

| PLAINTIFF/PETITIONER:  CAPITAL ONE BANK (USA) N.A. | CASE NUMBER:  110CV185626 |
|---|---|
| DEFENDANT/RESPONDENT:  ALLEN ANSARI; MIRJANA ANSARI | |

c. [  ] **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*      (2) from *(city):*

(3) [  ] with two copies of the *Notice and Acknowledgment of Receipt*  and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30)*

(4) [  ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [  ] **by other means**  *(specify means of service and authorizing code section):*

[  ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. [ X ] as an individual defendant.

b. [  ] as the person sued under the fictitious name of *(specify):*

c. [  ] as occupant

d. [  ] On behalf of *(specify):*

under the following Code of Civil Procedure section:

| | |
|---|---|
| [  ] 416.10 (corporation) | [  ] 415.95 (business organization, form unknown) |
| [  ] 416.20 (defunct corporation) | [  ] 416.60 (minor) |
| [  ] 416.30 (joint stock company/association) | [  ] 416.70 (ward or conservatee) |
| [  ] 416.40 (association or partnership) | [  ] 416.90 (authorized person) |
| [  ] 416.50 (public entity) | [  ] 415.46 (occupant) |
| | [  ] other |

7. **Person who served papers**

a. Name:               **Michelle Pembleton**

b. Address:            **304 12th St, Suite 4A, Oakland, CA 94607**

c. Telephone number:   **510-832-0701**

d. The fee for service was:   **$40.00**

e. I am:

(1) [  ] not a registered California process server.

(2) [  ] exempt from registration under Business and Professions Code section 22350(b).

(3) [ X ] registered California process server:

(i) [  ] owner   [  ] employee   [ X ] independent contractor

(ii) [ X ] Registration No.:              **6219**

(iii) [ X ] County:                         **Los Angeles**

8. [ X ] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. [  ] **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date:  **11/4/2010**

**Michelle Pembleton**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

(SIGNATURE)

BY FAX

POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Order No. 8704365 SEA FIL

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
**MARK D. WALSH 206059**
**Legal Recovery Law Office**
**5030 Camino De La Siesta, #340**
**San Diego, CA 92108**

TELEPHONE NO.: **800-785-4001**    FAX NO. *(Optional)*:

EMAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:  **CAPITAL ONE BANK (USA) N.A.**

FOR COURT USE ONLY

FILED
JAN 25 AM 8:16

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS:  **191 N. First Street**
MAILING ADDRESS:
CITY AND ZIP CODE:  **San Jose 95113**
BRANCH NAME:  **Downtown Superior Court**

PLAINTIFF/PETITIONER:  **CAPITAL ONE BANK (USA) N.A.**

DEFENDANT/RESPONDENT:  **ALLEN ANSARI; MIRJANA ANSARI**

CASE NUMBER:
**110CV185626**

619-205
9010

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: **689684-001** |

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents):*
   Summons; Complaint; Affidavit of Venue; Civil Case Cover Sheet; Civil Lawsuit Notice; Alternative Dispute
   Resolution (adr) Packet

3. a. Party served *(specify name of party as shown on documents served):*
   **ALLEN ANSARI**

   b. [  ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
      item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a ):*

4. Address where the party was served:
   **137 DEL MONTE Avenue, LOS ALTOS, CA 94022-1205**

5. I served the party *(check proper box)*
   a. [ X ] **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive
      service of process for the party  (1) on *(date):* 1/21/2011  (2) at *(time):* 7:17 PM
   b. [  ] **by substituted service.**  On *(date):*        (2) at *(time):*        I left the documents listed in item 2 with or in the
      presence of *(name and title or relationship to person indicated in item 3):*

      (1) [  ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the
         person to be served. I informed him or her of the general nature of the papers.

      (2) [  ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
         abode of the party. I informed him or her of the general nature of the papers.

      (3) [  ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
         addresss of the person to be served, other than a United States Postal Service post office box. I informed him or
         her of the general nature of the papers.

      (4) [  ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place
         where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from
         *(city):*        or [  ] a declaration of mailing is attached.

      (5) [  ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]



**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure. § 417.10

Order No. 8704364 SEA FIL



EXHIBIT
**3**

| PLAINTIFF/PETITIONER:  CAPITAL ONE BANK (USA) N.A. | NUMBER: 110CV185626 |
|---|---|
| DEFENDANT/RESPONDENT:  ALLEN ANSARI; MIRJANA ANSARI | |

c. [ ] **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in Item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1) on *(date):*    (2) from *(city):*
    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt*  and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30)
    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [X] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant
  d. [ ] On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    [ ] 416.10 (corporation)
    [ ] 416.20 (defunct corporation)
    [ ] 416.30 (joint stock company/association)
    [ ] 416.40 (association or partnership)
    [ ] 416.50 (public entity)

    [ ] 415.95 (business organization, form unknown)
    [ ] 416.60 (minor)
    [ ] 416.70 (ward or conservatee)
    [ ] 416.90 (authorized person)
    [ ] 415.46 (occupant)
    [ ] other

7. **Person who served papers**
  a. Name:    **Michelle Pembleton**
  b. Address:    **304 12th St, Suite 4A, Oakland, CA 94607**
  c. Telephone number:    **510-832-0701**
  d. The fee for service was:    **$64.50**
  e. I am:
    (1) [ ] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [X] registered California process server:
      (i) [ ] owner  [ ] employee  [X] independent contractor
      (ii) [X] Registration No.:    **6219**
      (iii) [X] County:    **Los Angeles**

**BY FAX**

8. [X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  **1/22/2011**

    **Michelle Pembleton**                      (SIGNATURE)
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

POS-010 [Rev. January 1, 2007]        **PROOF OF SERVICE OF SUMMONS**        Order No. 8704364 SEA FIL